11492.  NEWTON *et al. v.* CHEMCRAFT COMPANY.

STEPHENS, J.  1. A purchaser under a contract for sale of personalty, who by terms of the contract must perform a certain obligation resting upon him as a condition precedent to a performance of the obligations resting upon the seller, must show a performance, or an offer to perform prevented by the seller, of such obligation on his part, as a condition precedent, before he can maintain an action against the seller for a breach of the contract.

2. Where under the terms of such a contract the purchaser must furnish a bank guarantee to the seller as a condition precedent to the seller's shipping to him the commodity contracted for, a failure by the purchaser to comply with such condition precedent, unless compliance be prevented by the seller, amounts to a breach of the contract by the purchaser, and will operate to release the seller from his obligations under the contract. Where the offer and acceptance are made on the same day by telegraphic communication, it is within the contemplation of the contracting parties that the bank guarantee shall be furnished immediately and without unnecessary delay.

3. The mere perfecting of arrangements by the purchaser with a bank to guarantee the payment of a draft by the seller upon the purchaser for the purchase-money of the commodity sold, without actually furnishing the guarantee as contracted, is not a performance by the purchaser of the condition precedent; nor is this condition complied with by a communication by the purchaser to the seller on the day following the execution of the contract, wherein the purchaser notifies the seller that he has forwarded to the seller a certified check for only a part of the purchase-money, as "evidence of good faith," and requesting approval by the seller of such arrangement. Such a proposal by the purchaser, inviting delay and requesting approval of such proposed substitutes for his compliance with the condition precedent, amounts to a failure by him to comply with the condition precedent without unnecessary delay, as contemplated in the contract, and releases the seller from his obligations under the contract.

4. In a suit by the purchaser against the seller to recover damages for an alleged breach of the contract by the seller, a petition alleging the above facts fails to set out a cause of action, and should have been dismissed on general demurrer.

                 *Judgment reversed. Jenkins, P. J., and Hill, J., concur.*

                        DECIDED MARCH 3, 1921.

    Action on contract; from Bibb superior court — Judge Mathews.
April 3, 1920.

    *Strozier & Moore,* for plaintiff in error.
    *Martin & Martin,* contra.